IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

JOAQUIN BALANIO GAMIAO,      )        CV. NO.  10-00311 DAE KSC
and CHRISTOPHER TAVITA       )
KUNKEL,                      )
                             )
           Plaintiffs,       )
                             )
     vs.                     )
                             )
BANK OF AMERICA FKA          )
COUNTRYWIDE HOME LOANS,      )
INC., THE BANK OF NEW YORK   )
MELLON AS TRUSTEE FOR THE    )
CERTIFICATE HOLDERS, ASSET   )
BACKED CERTIFICATES SERIES   )
2007-12, WEALTH TRANSFER     )
MORTGAGE, LLC, and DOES 1    )
through 20 inclusive,        )
                             )
           Defendants.       )
_____ )

ORDER: (1) GRANTING BOFA'S MOTION TO DISMISS COMPLAINT; AND
(2) GRANTING PLAINTIFFS LEAVE TO AMEND THE COMPLAINT

        On February 28, 2011, the Court heard Defendant Bank of America

FKA Countrywide Home Loans, Inc. ("BofA")'s Motion to Dismiss. Patricia J.

McHenry, Esq., and Mitsuko Takahashi, Esq., appeared at the hearing on behalf of

Defendant; Dexter K. Kaiama, Esq., appeared at the hearing on behalf of Plaintiff.

After reviewing the supporting and opposing memoranda, the Court GRANTS

BofA's Motion to Dismiss Complaint.  (Doc. # 11.)  The Court GRANTS Plaintiffs

leave to amend the Complaint.

BACKGROUND

On May 28, 2010, Plaintiffs Joaquin Balanio Gamiao and Christopher

Tavita Kunkel ("Plaintiffs") filed a Complaint against Defendants Bank of

America FKA Countrywide Home Loans, Inc.[1], The Bank of New York Mellon as

Trustee for the Certificate Holders, Asset Backed Certificates Series 2007-12

("Mellon"), Wealth Transfer Mortgage, LLC ("Wealth Transfer") and Does 1

through 20 inclusive (collectively, "Defendants") alleging that Plaintiff had been

---

[1] Defendant BofA argues that Plaintiffs fail to state claims against BofA, and that Plaintiffs have erroneously sued "Bank of America fka Countrywide Home Loans, Inc." because "Bank of America" is not a legal entity, BofA and Countrywide are two distinct entities, and Plaintiffs have failed to allege any claims against BofA  ("Mot.," Doc. # 1 at 5–7.)  Plaintiffs respond that their Complaint was filed in response to the Notice recorded in the Bureau of Conveyances, which identifies MELLON c/o BofA fka Countrywide Home Loans, Inc., and that based on this Notice, "BofA should be classified as having mortgagee responsibility" as an assignee.  (Opp'n, Doc. # 15 at 6.)  More specifically, Plaintiffs argue that TILA includes a provision for liability of assignees and that the relationship between Countrywide, BofA, and Mellon is that of a creditor and its assignee.  (Id. at 7.)  The Complaint, as written, fails to state a claim against BofA because it fails to plead "assignee" liability under TILA and fails to plead how BofA is responsible for Countrywide's alleged TILA violations.  If Plaintiffs choose to amend their Complaint, the Court instructs Plaintiffs to correct any deficiencies in naming defendants, both in the caption and body of any amended complaint.  Furthermore, Plaintiffs must plead specific causes of action against the proper defendants, alleging facts related to those causes of action and those defendants.

lured into a predatory mortgage loan.  ("Compl.," Doc # 1.)  Specifically,

Plaintiffs' Complaint alleges Counts: (Count I) violations of the Truth in Lending

Act ("TILA") entitling Plaintiffs to rescission of the mortgage and recoupment of

expenses (id. ¶¶ 22–39; (Count II) violations of TILA entitling Plaintiffs to loan

damages (id. ¶¶ 40–42); (Count III) violations of the Real Estate Settlement

Procedures Act ("RESPA") (id. ¶¶ 43–46); (Count IV) unfair or deceptive acts or

practices ("UDAP") against BofA (id. ¶¶ 47–58); (Count V) UDAP against Wealth

Transfer  (id. ¶¶ 59–70); (Count VI) fraud against Wealth Transfer (id. ¶¶ 71–79);

(Count VII) civil conspiracy (id. ¶¶ 80–84); and (Count VIII)[2] aiding and abetting

(id. ¶¶ 85–89).

Plaintiffs are "unsophisticated consumers in regards to credit

transactions and both are domiciled in the State of Hawaii."  (Id. ¶ 1.)  On July 20,

2007, Plaintiffs entered into a loan transaction with Countrywide Home Loans, the

original lender for the loan, to refinance their property.  (Id. ¶ 13.)  Plaintiffs

executed a note in the principal amount of $462,600.00, which was secured by a

mortgage recorded on July 26, 2007, in the Bureau of Conveyances.  (Id. ¶¶ 14,

24.)  The real property at issue in this loan transaction is designated as

---

[2]The Complaint states "Count XIII: Aiding and Abetting."  However, the
Court assumes that Plaintiffs actually intended it to read Count VIII.

TMK (3) 1-1-050-010, located at 11-3193 Hoolehua Street, Volcano, Hawai`i, 96765 ("Subject Property"). (Id. ¶ 10.)

Plaintiffs claim that at the time of execution of the loan documents, they were "instructed to sign, but no explanation was given to Plaintiffs regarding the loan documents they were told to sign." (Id. ¶ 15.) They further claim that they were not provided two copies of the Notice of Right to Cancel and were not given a written document to retain for their own records. (Id. ¶ 17.) Plaintiffs additionally contend that on or about January 11, 2010, they "made a request for rescission of their loan transaction by filing a Complaint in this court in CV10-00016 ACK KSC, Gamiao, et. al. v. Bank of America et. al. (that was voluntarily dismissed without prejudice)." (Id. ¶ 19.) They finally allege that the monthly payments required by the loan exceed Plaintiffs' combined gross monthly income from July 2007. (Id. ¶ 20.)

On September 16, 2010, Defendant BofA filed a Motion to Dismiss ("Motion") for failure to state a claim upon which relief can be granted. ("Mot.," Doc. # 11.) On November 22, 2010, Plaintiffs filed a Memorandum in Opposition to Defendant's Motion to Dismiss ("Opposition"). (Opp'n, Doc. # 15.) On November 29, 2010, Defendant BofA filed a Reply in support of its Motion. (Reply, Doc. # 17.)

I.  Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Review is limited to the contents of the complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 556–57; see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted). "The tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief. See Twombly, 550 U.S. at 570. A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence and may not just provide a speculation of a right to relief. Id. at 586. When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Id. at 558 (citation omitted). If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be

granted "if it appears at all possible that the plaintiff can correct the defect") (internal quotations and citations omitted).

II.     Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Under Ninth Circuit law, "Rule 9(b) requires particularized allegations of the circumstances constituting fraud."  In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547–48 (9th Cir. 1994) (en banc), superseded on other grounds by 15 U.S.C. § 78u-4.

In their pleadings, Plaintiffs must include the time, place, and nature of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to satisfy this requirement.  Id. at 1548 (quoting Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989)).  "[T]he circumstances constituting the alleged fraud [must] 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'"  Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Bly-Magee v. California, 236 F.3d 10104, 1019 (9th Cir. 2001)); see also Moore, 885 F.2d at 540 (finding that Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants).

However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); <u>see also</u> <u>In re GlenFed, Inc. Sec. Litig.</u>, 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying that scienter existed."); <u>Walling v. Beverly Enter.</u>, 476 F.2d 393, 397 (9th Cir. 1973) (finding that Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations" (citations omitted)).

A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim. <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1107 (9th Cir. 2003). In considering a motion to dismiss, the court is not deciding the issue of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974) <u>overruled on other grounds by</u> <u>Davis v. Scherer</u>, 468 U.S. 183 (1984).

<u>DISCUSSION</u>

For the reasons set forth below, the Court concludes that Defendant BofA's Motion to Dismiss should be granted. The Complaint is dismissed without prejudice as against BofA.[3]

I.      <u>Count I: Truth in Lending Act Violations: Loan Rescission and Recoupment; Count II: Truth in Lending Act Violations: Loan Damages</u>

In Count I of the Complaint, Plaintiffs allege that they are entitled to rescission of the loan and recoupment[4] under TILA, 15 U.S.C. § 1601, et. seq. In Count II, Plaintiffs allege that they are entitled to damages under TILA pursuant to 15 U.S.C. § 1640.

A.      <u>Rescission Under 15 U.S.C. § 1635</u>

Section 1635(a), TILA's so-called buyer's remorse provision, gives borrowers three business days to rescind the loan agreement without penalty. 15 U.S.C. § 1635(a); <u>Semar v. Platte Valley Fed. Sav. & Loan Ass'n</u>, 791 F.2d 699, 701 (9th Cir. 1986) (citing 15 U.S.C. § 1635(a)). To invoke this provision, the

---

[3]Contrary to Plaintiffs' contention (Opp'n at 18–19), their participation in the Court's triage program does not affect whether the Court may consider Defendants' Motion to Dismiss at this time.

[4]Although Plaintiffs' claim for recoupment is brought under Count I for rescission, 15 U.S.C. § 1640(a) provides for damages, not rescission, thus the Court will discuss Plaintiffs' recoupment argument after their claim for damages.

loan must be a consumer loan using the borrower's principal dwelling as security.

15 U.S.C. § 1635(a). If the lender fails to deliver certain forms or disclose

important terms accurately, Section 1635(f) gives the borrower the right to rescind

until "three years after the consummation of the transaction or . . . the sale of the

property, whichever occurs first." 15 U.S.C. § 1635(f); see also King v. California,

784 F.2d 910, 913 (9th Cir. 1986).

Here, Plaintiffs entered into the loan transaction on July 20, 2007 and

initiated the instant lawsuit on May 28, 2010. Defendant BofA, however, argues in

its Motion that it was not served with Plaintiffs' Complaint until August 26, 2010,

after the three-year limitations period had run.[5] See 12 C.F.R. § 226.23(a)(2)

(providing that notice of TILA's right of rescission "is considered given when

---

[5] In support of this, Defendant BofA attaches the documents and Complaint
with which it was served as Exhibit D to the instant Motion. The Court takes
judicial notice of Exhibit D to Defendant's Motion. A court "may consider
evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to
the document; (2) the document is central to the plaintiff's claim; and (3) no party
questions the authenticity of the copy attached to the 12(b)(6) motion." Marder v.
Lopez, 450 F.3d 445, 448 (9th Cir. 2006). The court may treat such a document as
"part of the complaint, and thus may assume that its contents are true for purposes
of a motion to dismiss under Rule 12(b)(6)." United States v. Ritchie, 342 F.3d
903, 908 (9th Cir. 2003). In the instant case, Plaintiffs' Complaint relies on the
date of service of its rescission request and Plaintiffs have not questioned Exhibit
D's authenticity or refuted the date on which the letter and Complaint were served.
Accordingly, the Court takes judicial notice of Exhibit D in making its
determinations on the instant Motion.

mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.") Thus, Plaintiffs failed to invoke their right to rescind within the three-year limitations period.

Plaintiffs contend, however, that the three-year statute of limitations for invocation of the right to rescind has not expired, based on a letter they sent Defendants on June 4, 2009, and based on a Complaint filed in this Court on January 11, 2010, in CV10-00016 ACK-KSC, <u>Gamiao, et.al. v. Bank of America, et.al.</u> As to the letter sent on June 4, 2009, Defendant BofA contends that Plaintiffs did not actually request rescission of their loan. (Reply at 5.) Plaintiffs attached to their Opposition the letter allegedly mailed on June 4, 2009.[6] (Opp'n, Ex. A.) Upon an independent examination of this letter, the Court agrees with Defendant BofA's argument and finds that Plaintiffs do not actually request rescission of their

_____

[6]The Court takes judicial notice of the letter attached by Plaintiffs. A court "may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." <u>Marder v. Lopez</u>, 450 F.3d 445, 448 (9th Cir. 2006). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." <u>United States v. Ritchie</u>, 342 F.3d 903, 908 (9th Cir. 2003). In the instant case, Plaintiffs' Complaint relies on this letter, and Defendants have not questioned it's authenticity. Accordingly, the Court takes judicial notice of the letter in making its determinations on the instant Motion.

loan anywhere in the letter.  See (Opp'n, Ex. A.)  Accordingly, Plaintiffs

incorrectly assert that their letter dated June 4, 2009, invoked their right to rescind.

As to the lawsuit initiated in this Court on January 11, 2010, which

was voluntarily dismissed on April 12, 2010, Defendant BofA argues that the

voluntary dismissal of the suit renders it a nullity.  (Reply at 6.)  Thus, BofA

argues that the Complaint filed in January 2010, may not serve as Plaintiffs'

invocation of the right to rescind.  Indeed, a voluntary dismissal without prejudice

"leaves the situation as if the action never had been filed."  City of South Pasadena

v. Mineta, 284 F.3d 1154 (9th Cir. 2002) (quotations omitted).  Accordingly, the

January 2010 Complaint does not serve to invoke Plaintiffs' right to rescind.

Instead, Plaintiffs' request for rescission of the loan did not occur, with respect to

Defendant BofA, until they were served notice of the right to rescind on August 26,

2010.  As this is more than three years since the consummation of the loan,

Plaintiffs' claim is barred by the statute of limitations.

Additionally, equitable tolling does not apply to rescission under

TILA.  Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) (holding that

"§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year

period"); see also Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir.

2002) (citing Beach and holding that "§ 1635(f) is a statute of repose, depriving the

courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period"); <u>King</u>, 784 F.2d at 913 (characterizing Section 1635(f) as a "three-year absolute limitation" on Section 1635 rescission actions). As such, Plaintiffs' TILA Rescission claim is barred by the statute of limitations.[7]

B.    <u>Damages Under 15 U.S.C. § 1640</u>

In addition to rescission, TILA authorizes civil liability in the form of actual damages, statutory damages, costs, and attorneys fees.  15 U.S.C. § 1640. Pursuant to Section 1640(e), there is a one-year statute of limitations for civil liability claims under TILA.  <u>Id.</u> § 1640(e).  The limitations period generally runs from the date of consummation of the transaction.  <u>King</u>, 784 F.2d at 915.  Here, as stated above, Plaintiffs entered into the loan transaction on July 20, 2007 and initiated the present lawsuit on May 28, 2010.  As such, more than one year elapsed between the consummation of the loan and the filing of the instant action. Therefore, Plaintiffs' claim is barred by the statute of limitations unless equitable tolling applies.

---

[7] BofA also contends that Plaintiffs cannot rescind the loan because Plaintiffs have not alleged that they are willing and able to tender the borrowed funds back to the lender.  (Reply at 8–10.)  The Court need not reach this argument because of its determination that Plaintiffs have failed to state a claim for TILA rescission against BofA.

As a general matter, "[e]quitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." <u>Santa Maria v. Pac. Bell</u>, 202 F.3d 1170, 1178 (9th Cir. 2000); <u>see also</u> <u>O'Donnell v. Vencor, Inc.</u>, 46 F.3d 1063, 1068 (9th Cir. 2006) ("Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" (quoting <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 96 (1990))). In a TILA damages action specifically, equitable tolling may suspend the limitations period "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." <u>King</u>, 784 F.2d at 915. However, when a plaintiff fails to allege facts demonstrating that the plaintiff could not have discovered the purported TILA violation with reasonable diligence, dismissal is appropriate and equitable tolling will not apply. <u>See</u> <u>Meyer v. Ameriquest Mortg. Co.</u>, 342 F.3d 899, 902 (9th Cir. 2003) (refusing to apply equitable tolling for failure to make required disclosures under TILA when the plaintiff was in full possession of all loan documents and did not allege fraudulent concealment or any other action that would have prevented discovery of the

violation); <u>Hubbard v. Fidelity Fed. Bank</u>, 91 F.3d 75, 79 (9th Cir. 1996) (holding

that the plaintiff was not entitled to equitable tolling of her TILA claim because

"nothing prevented [the plaintiff] from comparing the loan contract, Fidelity's

initial disclosures, and TILA's statutory and regulatory requirements").

In this case, Plaintiffs allege that Defendants violated TILA by failing

to provide Plaintiffs with two copies of the notice of the right to rescind. (Compl.

¶ 27.) As in <u>Meyer</u> and <u>Hubbard,</u> Plaintiffs fail to allege any facts to demonstrate

that equitable tolling applies. Although elsewhere in the complaint Plaintiffs give

examples of specific instances of BofA and Wealth Transfer's alleged deceptive

acts (<u>id.</u> ¶ 51; 63) and Wealth Transfer's alleged fraud (<u>id.</u> ¶ 72–76), Plaintiffs offer

no explanation for why they were unable to discover the TILA violations within

the one-year statutory period. These facts without more are insufficient for

Plaintiffs to invoke the doctrine of equitable tolling. As such, Plaintiffs' TILA

Damages claim is barred by the statute of limitations.

<u>C</u>.      <u>Recoupment Under 15 U.S.C. § 1640</u>

"[R]ecoupment is in the nature of a defense arising out of some

feature of the transaction upon which the plaintiff's action is founded." <u>Bull v.

United States</u>, 295 U.S. 247, 262 (1935). The Supreme Court has confirmed that

recoupment of damage claims survive TILA's one-year statute of limitations.

Beach, 523 U.S. at 418.  However, to circumvent the statute of limitations, the recoupment claim must be asserted as a "defense" in an "action to collect a debt." 15 U.S.C. § 1640(e).  Some courts have held that for a recoupment claim to survive a motion to dismiss, the plaintiff must show the following: "(1) the TILA violation and the debt are products of the same transaction; (2) the debtor asserts the claim as a defense; and (3) the main action is timely." Moor v. Travelers Ins. Co., 784 F.2d 632, 634 (5th Cir. 1986) (citing In re Smith, 737 F.2d 1549, 1553 (11th Cir. 1984)); Agustin v. PNC Fin. Servs. Grp., --- F. Supp. 2d ----, 2010 WL 1507975, at *18 n.2 (D. Haw. Apr. 15, 2010).

Plaintiffs claim that they may "assert the TILA disclosure violations described herein as a recoupment in the amount of $2,000.000 and are entitled to a credit in that amount with regard to their tender obligation, if any, under TILA." (Compl. ¶ 39.)  Nowhere do Plaintiffs assert TILA recoupment as a defense, nor do Plaintiffs point to any "action to collect a debt."  Instead, the relevant action in the instant case is a foreclosure auction sale[8], not an "action to collect a debt."

District courts within this circuit have held that a nonjudicial foreclosure is not an "action to collect a debt" within the meaning of Section

_____

[8] By Plaintiffs' own admission, Mellon "filed a notice for non-judicial foreclosure auction sale on the property on November 6, 2009 in the Bureau of Conveyances, State of Hawaii, as Document no. 2009-170719."  (Opp'n at 3.)

1640(e).  Ortiz v. Accredited Home Lenders, Inc., 639 F. Supp. 2d 1159, 1165

(S.D. Cal. 2009) (holding that nonjudicial foreclosures are not "actions" as

contemplated by TILA because "actions" refer to judicial proceedings).[9]

  Additionally, Plaintiffs' conclusory statement that they are "entitled to

assert the TILA disclosure violations herein as recoupment" is insufficient to prove

as much.  (Compl. ¶ 39.)  In Ortiz, after the lender filed notice of a nonjudicial

foreclosure, but before the sale took place, the plaintiff initiated a lawsuit alleging

TILA violations and attempting to assert a recoupment defense.  Id.  On these facts,

the court concluded that "'[w]hen the debtor hales the creditor into court, the claim

---

[9] In reaching the conclusion that a nonjudicial foreclosure is not an "action" that survives TILA's statute of limitations, the court in Ortiz reviewed the wording of TILA as well as California state law.  Ortiz, 639 F. Supp. 2d at 1165.  With regard to TILA, the court concluded the Section 1640(e) itself defines an "action" as a court proceeding because it states "'[a]ny action . . . may be brought in any United States district court, or in any other court of competent jurisdiction.'"  Id. (quoting 15 U.S.C. § 1640(e)).  The court also examined California state law, which indicates that an "action" to recover a debt secured by a mortgage on real property results in a judgment from the court directing the sale of the property and distributing the resulting funds.  Id.  Similarly, Hawaii Revised Statute Section 667-1 provides that a "foreclosure by action" occurs when the circuit court assesses the amount due on a mortgage and renders judgment for the amount awarded. Haw. Rev. Stat. § 667-1.  Conversely, a "foreclosure under power of sale," or nonjudicial foreclosure, occurs when the mortgagee forecloses pursuant to the power of sale contained in the mortgage.  Id. § 667-5.  Thus, in Hawaii, a foreclosure by "action" requires a judicial proceeding whereas a nonjudicial foreclosure does not.  The Ortiz court's reasoning clearly applies to the instant case, and the Court finds that a nonjudicial foreclosure is not an "action to collect a debt" within the meaning of Section 1640(e).

by the debtor is affirmative rather than defensive.'" Id. (quoting Moor, 784 F.2d at 634). In this case, there is no evidence that Defendants have initiated any sort of court proceeding against Plaintiffs. Plaintiffs' affirmative use of their claim for recoupment is improper and not within the scope of the TILA exception, which permits recoupment as a defensive claim only. As such, Plaintiffs' TILA recoupment claim fails.

Accordingly, the Court GRANTS the Motion to Dismiss as to Plaintiffs' TILA claims for recoupment and damages as to all Defendants, and GRANTS the Motion to Dismiss as to Plaintiff's TILA claim for rescission as to Defendant BofA.

## II.    Real Estate Settlement Procedures Act Violations

Count III of the Complaint alleges that Defendants violated RESPA by failing to provide Plaintiffs with a timely signed and dated Good Faith Estimate, as required by RESPA. (Compl. ¶¶ 43–46.)

Defendant BofA asserts that Plaintiffs' RESPA claim fails to state a claim because RESPA does not provide for a private right of action when defendant fails to provide a good faith estimate. (Mot. at 12–13.) Accordingly, Plaintiffs' RESPA claims fail because the alleged disclosure violations do not give rise to a private right of action. See Collins v. FMHA-USDA, 105 F.3d 1366,

1368 (11th Cir. 1997) (noting that neither the legislative history nor the statutory text reveals congressional intent to create a private right of action for violations of Section 2604(c), failure to provide the initial good faith estimate); <u>Pressman v. Meridian Mortg. Co.</u>, 334 F. Supp. 2d 1236, 1242 n.4 (D. Haw. 2004); <u>Rosal v. First Fed. Bank of California</u>, 671 F. Supp. 2d 1111, 1125 (N.D. Cal. 2009) (holding that there is no private right of action for disclosure violations under either Section 2603 or Section 2604); <u>Delino v. Platinum Cmty. Bank</u>, 628 F. Supp. 2d 1226, 1232–33 (S.D. Cal. 2009) (citing <u>Collins</u> and dismissing the plaintiff's RESPA claim on the ground that no private right of action exists for failure to provide an initial good faith estimate).  As such, Plaintiffs' RESPA claim fails to state a claim.

Accordingly, the Court GRANTS the Motion to Dismiss as to Count III as to all Defendants.

### III.     Counts IV and V: Unfair or Deceptive Acts or Practices

Plaintiffs claim that Defendants BofA and Wealth Transfer engaged in unfair or deceptive acts and practices ("UDAP") in violation of HRS §§ 480-2(a) and 481A-3.  (Compl. ¶ 47–70.)  HRS § 480-2(a) prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ."  HRS § 481A-3 similarly prohibits "deceptive trade practice[s]."

Plaintiffs contend that Defendants violated the aforementioned statutes by: (1) targeting financially unsophisticated and otherwise vulnerable consumers for inappropriate credit products; (2) falsely representing and failing to adequately disclose the true costs and risks of the subject loan and its appropriateness for Plaintiffs; (3) making a refinance loan that resulted in little net economic benefit to Plaintiffs with the primary objective of general fees; (4) making the loan based on the value of the collateral, without regard to Plaintiffs' ability to repay the loan; (5) failing to provide Plaintiffs with a timely good faith estimate "GFE"; (6) falsifying the amount of Plaintiffs' income and amount and source of income on the loan application it prepared; (7) failing to disclose that BofA approved the loan based on Defendant Wealth Transfer Mortgage's misrepresentations regarding Plaintiffs' ability to repay the loan; (8) falsely representing the nature of the documents Plaintiffs were told to sign in connection with the loan; and (9) attempting to deprive Plaintiffs of their legal right to cancel the loan.  (Compl. ¶ 51, 63.)

Defendant BofA argues that "BofA was not the original lender and has no contractual relationship to Plaintiffs."  (Mot. at 14.)  BofA cites to Judge Seabright's Order in Araki v. One West Bank FSB, 2010 WL 5625969 at * 8 (D. Haw. September 8, 2010), which held that regardless of any claim that may exist against Countrywide, the Complaint fails to state a claim under HRS 480-2 against

BofA.  Plaintiffs argue in their Opposition that the note and mortgage against the Subject Property was a nullity from the beginning, based on the original lender's actions, and was thus never assigned to BofA.  (Opp'n at 14–17.)

The first eight of nine UDAP allegations against BofA and Wealth Transfer arise from the consummation of the loan, thus Defendant BofA correctly argues, and Plaintiffs do not disagree, that BofA was not the originating lender.  Additionally, Plaintiffs never properly pled that BofA was an assignee of the mortgage and note, thus they cannot assert assignee liability as against BofA.  Furthermore, even if they had properly pled assignee status, such a claim would fail because HRS 480-2 does not attach liability because an entity is an assignee.  Araki, 2010 WL at * 8.  Thus, all of Plaintiffs' UDAP claims stemming from the consummation of the loan fail to state a claim against BofA.

Plaintiffs' ninth UDAP claim, that BofA and Wealth Transfer attempted to deprive Plaintiffs of their legal right to cancel the loan, contains insufficient facts to satisfy Rule 8 pleading requirements.  Plaintiffs' vague allegation contains insufficient factual detail to meet the Rule 8 pleading standard, and to survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face."  Iqbal, 129 S. Ct. at 1949.  Plaintiffs do not allege any acts committed by BofA and Wealth

Transfer to prevent Plaintiffs from exercising their right to cancel the loan, when such acts were committed, or by whom.  As such, Plaintiffs' ninth UDAP allegation fails as well.

Accordingly, the Court GRANTS the Motion to Dismiss as to all of Plaintiffs' UDAP claims arising from the loan consummation as to BofA[10], and GRANTS the Motion to Dismiss as to all other UDAP claims as to all Defendants.

## IV.    Count VI: Fraud

In Count VI, Plaintiffs claim that Defendant Wealth Transfer falsely represented the costs and risk of Plaintiffs' loan, its inappropriateness for Plaintiffs, the amount of Plaintiffs' income on the loan application, the nature of the documents Plaintiffs were told to sign, and its knowledge as to the aforementioned falsities, thereby committing fraud.  (Compl. ¶¶ 72–76.)  While BofA does not move to dismiss this Count, as it only applies to Defendant Wealth Transfer, the Court sua sponte finds that Plaintiffs' allegations are insufficient to meet their burden under the more rigorous pleading requirements of Rule 9 that apply to allegations of fraud or mistake.[11]  See Fed. R. Civ. P. 9(b) (requiring a party to

---

[10] The Court does not address UDAP claims against any Defendants besides BofA and Wealth Transfer because no such claims were pled.

[11]The court may dismiss a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) on its own motion.  See Omar v. Sea-Land Serv., Inc., 813 F.2d

state with particularity the circumstances constituting fraud or mistake). The claim

must "be accompanied by the 'who, what, when, where, and how' of the

misconduct charged." Kearns v. Ford Motor Co., 567 F.3d 1120 (9th Cir. 2009)

(internal citation and quotations omitted). A plaintiff "must state the time, place

and specific content of the false representations as well as the identifies of the

parties to the misrepresentation." Alan Neuman Productions, Inc. v. Albright, 862

F.2d 1388, 1393 (9th Cir. 1988).

Here, Plaintiffs fail to plead the time and place of any alleged fraud

and they also do not specify what role each defendant played in the alleged

misconduct. Instead, Plaintiffs broadly attribute the allegedly false statements to

all of Wealth Transfer generally, without specifying when, where, and by who the

false statements were made.

Accordingly, the Court DISMISSES Count VI of the Complaint as to

Defendant Wealth Transfer.

---

986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under
[Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant
cannot possibly win relief."); Ricotta v. California, 4 F. Supp. 2d 961, 968 n.7
(S.D. Cal. 1998) ("The Court can dismiss a claim sua sponte for a Defendant who
has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); see also Baker
v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that
district court may dismiss cases sua sponte pursuant to Rule 12(b)(6) without
notice where plaintiff could not prevail on complaint as alleged).

## V.    Count VII: Civil Conspiracy; Count VIII: Aiding and Abetting

Count VII of Plaintiffs' Complaint claims that Defendants entered into an agreement to accomplish something unlawful, and Count VIII alleges that Defendants aided each other in the engagement of those wrongful acts.  (Compl. ¶¶ 81, 87.)  Defendants claim that Plaintiffs have not sufficiently pled claims for civil conspiracy or aiding and abetting.  (Mot. at 14–17.)

Plaintiffs' allegations are insufficiently pled under the Rule 8 pleading requirements.  Civil conspiracy and aiding and abetting are not independent causes of action in Hawaii, but theories of potential liability that are derivative of other wrongs.  See e.g. Weinberg v. Mauch, 890 P.2d 277, 286 (Haw. 1995).  First, Plaintiffs have not clearly alleged an underlying claim on which his civil conspiracy and aiding and abetting claims are based.  Moreover, to the extent that Plaintiffs' claims appear to be based on alleged fraudulent activity, as discussed above, Plaintiffs' Complaint fails to state a claim for fraud.  Additionally, Plaintiffs have not rebutted Defendant BofA's contention that the instant claims appear to be based on fraud, and has not made any other argument in defense of these claims. For all these reasons, Plaintiffs' civil conspiracy and aiding and abetting claims do not survive the instant Motion.

Accordingly, the Court GRANTS the Motion to Dismiss as to Counts VII and VIII as to all Defendants.

## VI.     Leave to Amend

The Court recognizes that it may be possible for Plaintiffs to state a claim if provided the opportunity to amend their Complaint.  Accordingly, the Complaint is DISMISSED as to Defendant BofA with leave to amend no later than 30 days from the filing of this Order.  Failure to do so and to cure the pleading deficiencies will result in dismissal of this action with prejudice.

Plaintiffs are advised that the amended complaint must clearly state how each of the named defendants have injured them, and it must also clearly identify the statutory provisions under which Plaintiffs' claims are brought.  If Plaintiffs choose to file an amended complaint, they must (1) follow the directions in this Order; and (2) be ready, willing, and able to pursue their claims, which includes attending hearings and conferences in person unless there is a legitimate excuse.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendant BofA's Motion to Dismiss Complaint. (Doc. # 8.) The Court GRANTS Plaintiffs leave to amend the Complaint as follows:

1.  Counts II, III, VI, VII, and VIII are DISMISSED WITHOUT PREJUDICE as against all Defendants

2.  Count I, to the extent it alleges TILA recoupment, is DISMISSED WITH PREJUDICE as against all Defendants. Count I, to the extent it alleges TILA damages, is DISMISSED WITHOUT PREJUDICE as against all Defendants. Count I, to the extent it alleges TILA rescission, is DISMISSED WITHOUT PREJUDICE as against Defendant BofA

3.  Count IV is DISMISSED WITHOUT PREJUDICE as against Defendant BofA

4.  Count V, to the extent it alleges an attempt to deprive Plaintiffs of their legal right to cancel the loan, is DISMISSED WITHOUT PREJUDICE as against Defendant Wealth Transfer.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 4, 2011.

_____
David Alan Ezra
United States District Judge

Gamiao et al. v. Bank of America FKA Countrywide Home Loans, Inc. et al., Cv. No. 10-00311
DAE-KSC; ORDER: (1) GRANTING BOFA'S MOTION TO DISMISS COMPLAINT; AND
(2) GRANTING PLAINTIFFS LEAVE TO AMEND THE COMPLAINT